UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE L. HODGES,<br><br>                Plaintiff,<br><br>  v.<br><br>COUNTY OF SHASTA; CITY OF REDDING;<br>LARRY F. MOTY Chief of Polica;<br>JIM POPE, Shasta County Sheriff;<br>DEPUTY PAT LANHAM; OFFICER ZUFALL;<br>OFFICER FREDRICK; OFFICER BEEMAN;<br>CORPORAL BULLINGTON; OFFICER<br>MAGLEBY; OFFICER ZALES; OFFICER<br>ZALESNY; OFFICER WILKES; OFFICER<br>SCHULTZ; OFFICER MORAVEC; OFFICER<br>FREDRICK; OFFICER OSTROWSKI;<br>Doe Officers 1-15, inclusive,<br><br>                Defendants. | CIV. S-04-2535 GEB KJM<br><br><u>ORDER TO SHOW CAUSE</u><br><u>AND CONTINUING STATUS</u><br><u>(PRETRIAL SCHEDULING)</u><br><u>CONFERENCE</u> |

          The unilateral Pretrial Status Report filed May 23, 2005, contains a section which is unclear about service of process and does not explain why none of the defendants participated in the preparation and filing of a status report.[1]

          Plaintiff is Ordered to Show Cause (OSC) no later than 4:00 p.m. on June 27, 2005, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against Plaintiff's

---

[1] The Order filed April 27, 2005, required the party timely filing a status report to "include a declaration explaining why it was unable to obtain the cooperation of the other party or parties." (April 27 Order at 2, n.2.)

1

counsel and/or Plaintiff for the failure to include this ordered declaration. The written response shall state whether Plaintiff or counsel is at fault and whether a hearing is requested on the OSC.[2] If a hearing is requested, it will be held on July 11, 2005, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.

In accordance with the requirements set forth in the November 30, 2004, and June 27, 2005, Orders, the parties are to file a joint status report no later than June 27, 2005.  Further, Plaintiff is required to explain why and when Plaintiff plans to prosecute the action against any Defendant whom Plaintiff contends has been served but has not responded to service.

Dated:  May 31, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).