IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNY L. HODGES, | ) |
| | )   2:04-cv-2535-GEB-KJM |
| Plaintiff, | ) |
| | ) |
| v. | )   FINAL PRETRIAL ORDER |
| | ) |
| COUNTY OF SHASTA; CITY OF | ) |
| REDDING; OFFICER MATT | ) |
| ZALESNY; OFFICER REBECCA | ) |
| ZUFALL; OFFICER PAT LANHAM; | ) |
| CORPORAL WALT BULLINGTON, | ) |
| | ) |
| Defendants.[1] | ) |
| | ) |
| | ) |

A final pretrial conference was held on December 18,

2006.  Larry Baumbach appeared on behalf of Plaintiff; Gary

Brickwood appeared on behalf of Defendants.

After hearing, the Court makes the following Order.

/////

/////

---

[1]     The  caption  is  modified  pursuant  to  Plaintiff's
dismissals in the Joint Pretrial Statement and representations made
at the final pretrial conference.

1                     I.   <u>JURY/NON-JURY</u>

2         All issues will be tried to a jury, except for the

3 ultimate question of whether an individual defendant is entitled to

4 qualified immunity from liability for Plaintiff's Fourth Amendment

5 claims.  But the jury shall decide disputed factual issues

6 applicable to this defense.

7            II.  <u>DISPUTED EVIDENTIARY ISSUES</u>

8         Any evidentiary dispute capable of being resolved in

9 limine shall be addressed using the following procedure.  Counsel

10 for the parties are required to meet and confer about the dispute.

11 If the meeting fails to resolve the dispute, the parties are to set

12 forth their respective positions on the dispute in a document

13 entitled "Stipulation Re:  Evidentiary Disagreements," that shall

14 be signed by counsel for the parties and filed no later than <u>twenty</u>

15 <u>(20) court days before trial</u> ("Stipulation").[2]

16         In the Stipulation, after the movant states the legal and

17 factual basis for opposing admission of a clearly-identified,

18 specific item of evidence, the nonmovant shall state its position.

19 *Failure to state a basis for admissibility or non-admissibility of*

20 *disputed evidence constitutes a waiver or abandonment of that*

21 *basis*.  If the same argument or a portion thereof applies to a

22 dispute over other evidence, that argument may be incorporated by

23 reference where that other disputed evidence is argued.

24         This procedure is intended to expedite the trial by

25 allowing the judge to understand the factual context involving

26 disputed evidence and to make binding pretrial rulings.  The

27

28      [2]    The parties also have leave to set forth their agreements
on any evidentiary matters in the Stipulation.

parties are cautioned that failure to utilize this procedure to resolve an evidentiary issue which is capable of resolution in an in limine motion may be deemed a waiver of objection to such evidence, or could result in a ruling excluding the evidence.[3]

III.   FACTUAL, LEGAL AND/OR EQUITABLE CONTENTIONS

A.   The Final Pretrial Order supersedes the pleadings and controls the facts and claims which may be presented at trial. Any legal theory of relief or affirmative defense asserted in the pleadings but not preserved for trial in this section of the Final Pretrial Order cannot be raised during the trial.  Therefore, to preserve an issue for trial, and to be entitled to jury instructions on that issue, the issue shall be identified and preserved in this section of the Order.  Failure to do so dismisses, waives or abandons that issue, claim or defense. Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action.").

B.   The following issues are preserved for trial provided jury instructions are submitted as required by Section IX of this Order:

1.   Plaintiff claims that the City and County violated his Fourth Amendment right to be free from excessive force by permitting officers to abuse suspects of domestic violence.

---

[3]   Since the judge disfavors side-bar conferences during trial, counsel may be informed of this waiver in front of the jury. Evidentiary disputes addressed in limine need not be included in trial briefs as required by Local Rule 16-285(a)(3) (requiring that "reasonably anticipated disputes concerning admissibility of evidence" be included in trial briefs).

2.  Plaintiff claims that his Fourth Amendment
    right to be free from excessive force was
    violated when Officer Lanham released an attack
    police dog into the residence, and when
    Officers Zalesny and Zufall and Corporal
    Bullington struck him with batons and sprayed
    him with pepper spray.

    a.  Each individual defendant asserts he
        is shielded from liability by qualified
        immunity for this claim.

3.  Plaintiff claims that his State law right to be
    free from assault was violated when Officer
    Lanham released an attack police dog into the
    residence, and when Officers Zalesny and Zufall
    and Corporal Bullington struck him with batons
    and sprayed him with pepper spray.

    a.  Each individual defendant asserts he
        used reasonable force to effectuate
        arrest.

4.  Plaintiff claims that his State law right to be
    free from battery was violated when Officer
    Lanham released an attack police dog into the
    residence, and when Officers Zalesny and Zufall
    and Corporal Bullington struck him with batons
    and sprayed him with pepper spray.

    a.  Each individual defendant asserts he
        used reasonable force to effectuate
        arrest.

5.   Plaintiff claims that his State law right to be free from intentional infliction of emotional distress was violated when Officer Lanham released an attack police dog into the residence, and when Officers Zalesny and Zufall and Corporal Bullington struck him with batons and sprayed him with pepper spray.

    a.   Each individual defendant asserts he used reasonable force to effectuate arrest.

6.   Plaintiff claims that his State law right to be free from negligent infliction of emotional distress was violated when Officer Lanham released an attack police dog into the residence, and when Officers Zalesny and Zufall and Corporal Bullington struck him with batons and sprayed him with pepper spray.

    a.   Each individual defendant asserts he used reasonable force to effectuate arrest.

7.   Plaintiff claims that his State law right to be free from false imprisonment was violated when Officer Lanham released an attack police dog into the residence, and when Officers Zalesny and Zufall and Corporal Bullington struck him with batons and sprayed him with pepper spray.

1                                a.  Each individual defendant asserts
2                                    he used reasonable force to
3                                    effectuate arrest.
4               8.  Plaintiff claims $3 million in punitive damages
5                   against the individual defendants for his
6                   Fourth Amendment claim and the intentional tort
7                   claims.
8               9.  Each side seeks attorney fees under 28 U.S.C. §
9                   1988.
10          C.  In addition to the matters set forth in Local Rule
11    16-285, the parties shall brief the following points of law in
12    their trial briefs.
13              1.  The elements, standards, and burdens of proof as
14    to each of Plaintiff's causes of action, including citations of
15    authority in support thereof.
16              2.  The elements, standards, and burdens of proof
17    as to each of Defendant's defenses, including citations of
18    authority in support thereof.
19          Notwithstanding Local Rule 16-285, trial briefs shall be
20    filed with the Court no later than <u>twenty (20) court days prior to</u>
21    <u>the date of trial</u>.  A joint or partial joint trial brief is
22    permitted.  All legal positions briefed in the trial brief shall be
23    supported with case and applicable statutory authority.  <u>See</u> Local
24    Rule 16-285.  If separate or partial separate trial briefs are
25    submitted, responding briefs, if any, shall be filed with the Court
26    no later than five (5) court days prior to trial.  **The trial**
27    **brief(s) must include "a summary of points of law, including**
28    **reasonably anticipated disputes concerning admissibility of**

1   **evidence, legal arguments, and citations of authority in support**

2   **thereof."  Local Rule 16-285(a)(3).**

3                       IV. <u>WITNESSES</u>

4         A.  Plaintiff anticipates calling the witnesses listed on

5   Exhibit A.

6         B.  Defendants anticipate calling the witnesses listed on

7   Exhibit B.

8         C.  Each party may call a witness designated by the

9   other.

10         D.  No person, other than those named on these witness

11   lists, will be permitted to testify unless:

12             (1) The party offering the witness demonstrates that

13   the witness is for the purpose of rebutting evidence which could

14   not reasonably be anticipated at the pretrial conference; or

15             (2) The witness was discovered after the pretrial

16   conference and the proffering party makes the showing required in

17   "E", below.

18         E.  If a witness is discovered after the pretrial

19   conference, counsel for the party offering the witness shall

20   promptly inform the Court and opposing parties of the existence of

21   the unlisted witness so that the Court may consider at trial

22   whether the witness shall be permitted to testify.  The witness

23   will be not be permitted to testify unless:

24             (1) The witness could not reasonably have been

25   discovered prior to pretrial;

26             (2) The Court and opposing counsel were promptly

27   notified upon discovery of the witness;

28

1    (3) If time permitted, counsel offered the witness

2    for deposition; and

3    (4) If time did not permit, a reasonable summary of

4    the witness' testimony was provided to opposing counsel.

5    V.   <u>EXHIBITS</u>

6    A.   Plaintiff anticipates offering the exhibits listed on

7    Exhibit C.

8    B.   Defendants anticipate offering the exhibits listed on

9    Exhibit D.

10   C.   No other exhibits will be permitted to be introduced

11   unless:

12   (1) The party seeking to use the unlisted exhibit

13   demonstrates that the exhibit is being used to rebut evidence which

14   could not reasonably have been anticipated at the pretrial

15   conference; or

16   (2) The unlisted exhibit was discovered after the

17   pretrial conference and the offering party makes the showing

18   required in paragraph "D", below.

19   D.   Any party proposing to introduce an exhibit which was

20   discovered after the pretrial conference shall promptly notify the

21   Court and opposing counsel of the existence of such exhibit.  The

22   Court will not permit any such exhibit to be introduced unless it

23   finds:

24   (1) That the exhibit could not reasonably have been

25   discovered prior to the pretrial conference;

26   (2) The Court and counsel were promptly informed of

27   the exhibit's existence; and

28

(3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

E.   Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendants' exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, at least twenty (20) court days prior to trial, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[4]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections. A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office on the Friday before the before trial date, no later than 4:00 p.m. At that time, the parties shall also furnish the Court with a copy

---

[4]    The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

9

of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits.  Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

VI.   <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>[5]

A.   It is the duty of counsel to ensure that any depositions which are to be used at trial for any purpose shall have been filed with the clerk, and counsel are cautioned that a failure to discharge this duty may result in preclusion of the use of the unfiled depositions or in the imposition of such other sanctions as the Court deems appropriate.

B.   No later than twenty (20) court days before the trial commencement date, counsel for each party shall serve on the other parties a statement designating all answers to interrogatories and all portions of depositions (except for passages to be used solely for refreshing recollection, impeachment or rebuttal).  No later than ten (10) court days before the trial commencement date, counter-designations of other portions of these discovery documents may be served.  No later than five (5) court days before trial, the parties shall file and serve any preserved evidentiary objections to any designated discovery, or said objections are waived.

/////

---

[5]    Counsel for the parties are required to meet and confer on whether it is appropriate to submit any documents to the judge prior to trial.  If the parties decide this is appropriate, they shall reflect their agreement in a stipulation which has attached thereto whatever documents they agree can be considered by the judge before trial.  The stipulation should be filed and submitted to the judge's chambers at the parties' earliest convenience.

## VII.   FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference.  That order is confirmed.  The parties are, of course, free to conduct any additional discovery they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this Court.

## VIII.   SEPARATE TRIAL OF ISSUES

The trial will be conducted in two phases:  liability and punitive damages.  If the jury finds punitive damages are recoverable in the liability phase, trial on the amount of punitive damages will immediately occur.  During the first phase of the trial, the jury will be given a liability instruction on punitive damages along with the other closing instructions and a verdict form which will include the liability question on punitive damages. If the answer is yes, then evidence pertinent to the amount of punitive damages would be presented in the second phase of the trial, following which the parties would present closing argument on that issue and a jury instruction would be given.  The jury would then deliberate on the issue and fill in a punitive damages verdict form.

## IX.   JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

A.   The parties are to prepare jury instructions, in the manner specified in paragraph B below.  Counsel shall tailor all general instructions to the facts and issues in suit.

B.   Counsel are directed to confer and to attempt to agree upon a joint set of jury instructions and verdict forms. /////

C.   All instructions, both general and specific, shall be submitted in the exact numerical order counsel desires them given to the jury and shall be tailored to the facts and issues in suit.

The joint set of instructions and verdict forms shall be filed with the court clerk fifteen (15) court days prior to the date of the trial.  As to instructions on which there is dispute, the parties shall adhere to the following procedure:  1) the party offering the disputed instruction(s) shall submit the instruction(s) as its proposed jury instructions, shall submit authority in support of the proposed instruction(s) and shall number the disputed instruction(s) in a manner that shows where each disputed instruction should be placed in the tendered agreed upon instructions.  The contested instruction(s) and supporting authority shall be filed with the joint set of instructions fifteen (15) court days prior to the date of the trial; 2) the party opposed to the contested instruction(s) shall file opposing authority ten (10) court days prior to the date of the trial.

D.   All instructions shall be, to the extent possible, concise, understandable, and neutral statements of law.  They shall be prepared in accordance with Local Rule 51-163.  Ninth Circuit Pattern Instructions are preferred.

E.   It is the parties' responsibility to ensure that jury instructions are submitted on all issues preserved for trial in accordance with the schedule set forth above.  Pursuant to Local Rule 51-163, instructions not presented in accordance with this Order will be refused unless it is shown either (1) that the necessity for the request arose in the course of trial; the

instructions could not reasonably have been anticipated prior to trial from the Final Pretrial Order; and the request for such additional instructions is presented to the Court as promptly as possible; or (2) that the refusal to give such instructions would constitute manifest injustice under Rule 16(e).

      F.   Most of the examination of prospective jurors is conducted by the Court.  The parties are directed to meet and confer and attempt to agree upon a joint set of proposed voir dire questions.  These questions shall include any voir dire questions supplied by the Court that the parties believe are necessary.  The joint set of voir dire questions shall be filed with the Court fifteen (15) court days prior to the date of the trial.  Parties may also submit proposed voir dire questions which are disputed. Disputed voir dire questions shall be filed with the Court fifteen (15) court days prior to the date of the trial and shall be accompanied by an explanation as to the need for the question and supporting case authority when available.  The opposing party shall respond with reasons for the opposition and any supporting case authority no later than ten (10) court days prior to the date of trial.  Each side is granted fifteen (15) minutes to conduct voir dire following the Court's examination of prospective jurors.

      G.   The parties shall file a joint verdict form concurrently with proposed jury instructions fifteen (15) court days prior to the commencement of trial.  <u>See</u> L.R. 51-163(e).  A special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired.  The verdict form shall be prepared

in accordance with Local Rule 51-163(e).  At the same time, where
disagreements exist, the parties shall explain the disagreement and
submit points and authorities supporting their respective
positions.

      At the time of electronically filing the jury
instructions and verdict forms, counsel shall also submit a copy of
the sanitized joint jury instructions, the sanitized disputed jury
instructions, and the joint verdict forms to the Court by email to
geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).

## X.   PROPOSED FINDINGS AND CONCLUSIONS

      The parties have identified qualified immunity as the only
issue to be decided by the Court.  The parties are directed to
submit proposed prevailing party findings and conclusions on this
issues ten (10) court days before trial.  The parties may
supplement their proposed findings and conclusions as trial
progresses, up until closing arguments.

## XI.   USE OF STRUCK JURY SELECTION SYSTEM

      Nine (9) jurors will be impaneled.  The "struck jury"
system will be used to select the jury.[6]  At the beginning of the
voir dire process, approximately eighteen prospective jurors,
randomly selected by the Jury Administrator, will be seated for
voir dire.  The order of the jurors' random selection is reflected

---

[6]   As explained in United States v. Blouin, 666 F.2d 796,
798 (2d Cir. 1981), "the goal of the 'struck jury' system is to
whittle down an initially selected group . . . [to the amount of
jurors] who will serve as the petit jury."  The selected group
consists of the jurors who will hear the case, plus the number of
jurors required to enable the parties to use the combined number of
peremptory challenges allotted to both sides for striking jurors
from the group.  Typically extra jurors are included in the select
group in the event the minimum amount of jurors required for the
"struck system" is reduced "for cause" or some other reason.

by the order in which they will be seated.  The first randomly selected juror will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom.  The eighth juror will be in the eighth seat.  The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row.  The fifteenth seat will be in the left-hand side of that row.  Three chairs will be placed in front of the jury box. The sixteenth juror will occupy the seat on the right and the eighteenth juror will occupy the seat on the left.  The first nine jurors on a list, which shall be given to counsel, will constitute the petit jury unless one or more of those nine is excused for some reason.  Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

Following the voir dire questioning, each side will take turns exercising its three allotted peremptory strikes.[7]  If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.

## XII.  ATTORNEYS FEES

The parties are referred to Local Rule 54-293 concerning the post-trial procedure for seeking an award of attorney's fees.

/////

---

[7]     During the questioning, the attached Query Re Excuse Potential Jurors form could be given to the parties to determine if a particular juror should be excused.

### XIII.   TRIAL DATE

Trial to a jury will commence on March 20, 2007.[8]  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  At the first phase of the trial, each side has thirty (30) minutes within which to make an opening statement to the jury and one-hundred and ten (110) minutes within which to make a closing argument.  If trial proceeds to the second phase, each side has twenty (20) minutes within which to make a closing argument on the punitive damage issue.  Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

Dated:  December 19, 2006

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[8]     **The parties estimate it will take eight (8) days to try the case.**